UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**DARRYL BERGERON**  　　　　　　　CIVIL ACTION NO. 5:14-cv-0737

VS.　　　　　　　　　　　　　　　　SECTION P

　　　　　　　　　　　　　　　　　　JUDGE ELIZABETH E. FOOTE

**KEY WEST POLICE**
**DEPARTMENT, ET AL.**　　　　　　MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

　　　On April 2, 2014 the Clerk of Court received and filed a hand-written letter addressed to United States Magistrate Judge Mark L. Hornsby from Darryl Bergeron. Bergeron is apparently a pre-trial detainee at the Monroe County Jail in Key West, Florida having been arrested and charged with trespassing and resisting arrest with violence on December 29, 2013; these charges are pending in the 16th Judicial Circuit Court.  He implies that he is actually innocent and that he was the victim of excessive force on the part of the arresting officers Cuttie and Clark; that he was falsely arrested and incarcerated; and, that he is being denied his Constitutional rights to due process and a speedy trial.

　　　Ordinarily, such a *pro se* pleading would be construed as either a deficient civil rights complaint filed pursuant to 42 U.S.C. §1983 (to the extent that the pleading seeks damages or injunctive relief with regard to the claims of excessive force, false arrest and imprisonment, or the denial of the claimant's Constitutional right of access to the Courts, etc.) or a deficient petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 (to the extent that the petitioner seeks his immediate release from unlawful custody or the enforcement of his Constitutional right to a speedy trial), and the plaintiff/petitioner would be instructed to re-file his pleadings on the

form provided to prisoners in this district, and, to either submit the full filing fee in either case or to submit an application to proceed *in forma pauperis*. See Local Rule 3.2 of the United States District Court for the Western District of Louisiana. However, since it is abundantly clear that this Court lacks jurisdiction to consider the pleading if it is construed as a petition for *habeas corpus* arising under Section 2241[1]; and, since it is also clear that venue herein is inappropriate if the pleading is construed as a civil rights complaint arising under Section 1983[2], there is no need to direct Bergeron to cure the formal deficiencies of his pleading. Therefore,

**IT IS RECOMMENDED THAT** the pro se pleading filed herein by Darryl Bergeron on April 2, 2014 be **DISMISSED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

---

[1] A petition for *habeas corpus* filed pursuant to § 2241 must be filed in the district with jurisdiction over the prisoner or his custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000). The district of incarceration is the only district that has jurisdiction to entertain a petitioner's §2241 petition. *Lee v. Wetzel*, 244 F.3d 370 (5th Cir.2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).) This court does not have jurisdiction over this claim because the petitioner is not incarcerated in this district.

[2] Section 1983 does not contain a venue provision; thus, venue is determined under the general venue provisions set forth in Title 28 U.S.C. § 1391. When, as here, a civil action is not premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district <u>where any defendant resides</u>, (2) a judicial district <u>in which a substantial part of the events or omissions giving rise to the claim occurred</u>, or (3) a judicial district <u>in which any defendant may be found</u>, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Clearly, venue for this action is inappropriate in the Western District of Louisiana since none of the defendants are found here, none reside here, and the complained of events occurred in Monroe County, Florida.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5**[th] **Cir. 1996),** *superceded by statute on other grounds***, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).**

In Chambers, Monroe, Louisiana, May 1, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE